## SMITH and others *vs.* SMALL and others.

One partner cannot arrest his copartner. The very nature of a partnership forbids this.

Each partner is a joint owner, as well of capital as of property purchased with it. If the capital be misappropriated, by a partner, no remedy is furnished by action at law; unless a balance be struck and a promise made, to pay the same.

Where, by an agreement, there is to be a joint contribution of capital, by the parties, and there is a joint ownership of the property, and an agreement to share profit and loss, the parties are partners.

If, under such an agreement, some of the partners receive, from the others, a sum of money to be applied to the purchase of the article in which the parties are to deal, and for the buying and selling of which the partnership was formed, which they fail so to apply, an order of arrest cannot be granted.

Nor will an order of arrest be granted, as between partners, where it appears that the sum claimed of the defendants was only the difference between the price at which the plaintiffs directed the partnership purchases to be made, by the defendants, and the sum actually paid by the latter therefor, and which they claim was to be charged against their share of the profits, upon final settlement.

APPEAL from an order made at a special term, vacating an order of arrest.

*By the Court*, GEO. G. BARNARD, J. Under the first agreement, the parties to this action were partners. There was, under it, to be a joint contribution of capital. There was a joint ownership of the property of the firm, and an agreement to share profit and loss. The plaintiffs claim that under this agreement the defendants received of them the sum of $11,800, which they failed to apply to the *purchase* of the article in which the parties were to deal, and for the buying and selling of which the partnership was formed. Assuming this to be true, it does not present a case in which an order of arrest can be granted. One partner cannot arrest his copartner. The very nature of a partnership forbids this. Each partner is a joint owner, as well of capital as of property purchased with it. If the capital be misappropriated, no remedy is furnished by

Smith *v.* Small.

action at law, unless a balance be struck and a promise made to pay the same. Such an action would be upon the promise, and not upon the misappropriation, and would be contract, and not tort nor fraud, or for breach of trust.

The second agreement as to this claim does not vary the relation of the parties. By it, indeed, the title to the partnership property is put nominally in the plaintiff, but it did not make wrongful, acts or omissions not wrongful under the first agreement. If the second agreement gave a right of action for the sum of $11,800, it is because of the agreement, and the defendants are not liable to arrest. It is only a contract, based, it is true, upon a prior conversion of partnership property, but still contract.

Upon the plaintiffs' claim I think this order should be affirmed. The defendants say, in their papers, that the sum of $11,800 was only the difference between the price which the plaintiffs directed the partnership purchases to be bought at, and the sum actually paid by the defendants therefor. That the same was to be charged against the defendants' share of the profits upon final settlement. No order of arrest could be granted, if this was the true foundation of the plaintiffs' claims.

Order affirmed, with $10 costs.

[NEW YORK GENERAL TERM, January 4, 1869. *Clerke, Sutherland* and *Geo. G. Barnard,* Justices.]